**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-10337

(Summary Calendar)
_____


ROBERT VAN WINKLE,

                              Plaintiff-Appellant,

versus


WHITE SWAN, INC.,

                              Defendant-Appellee.


Appeal from the United States District Court
For the Northern District of Texas
(3:94-CV-2498-T)


October 23, 1996
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff Robert Winkle appeals the district court's grant of summary judgment in his claim against Defendant White Swan, Inc. under the Americans with Disabilities Act ("ADA"). We affirm.

I

Robert Winkle seriously injured his back while working as a

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

truck driver for White Swan.  After back surgery, Winkle returned to work and injured his back again.  White Swan intermittently employed Winkle throughout the late 1980s and early 1990s, a period characterized by Winkle's long disability leave, collection of worker's compensation benefits, litigation, and repeated episodes of short employment followed by long, back-related injury leave.

Winkle returned to work for White Swan after the two parties settled a retaliatory discharge suit.  Under the terms of the settlement, the company paid Winkle a sum for compensation and agreed to reinstate him to his former job as a driver, provided that he receive a full medical release to return to work.  On Winkle's first day back on the job, he reinjured his back. Thereafter, his doctor restricted him to work that did not include climbing, using stairs or ramps, or lifting more than twenty pounds. As its truck driving jobs required drivers to lift more than twenty pounds, White Swan prohibited Winkle from bidding on trucking jobs and later fired him.

Winkle filed this action, alleging that his firing constituted actionable discrimination under the ADA.  The district court dismissed the case on summary judgment, holding that Winkle had not shown that he was able to perform the essential tasks of his job, either with or without accommodation.  Winkle filed a timely notice of appeal.

II

Appellate review of a grant of summary judgment employs the

same standard of review used by the trial court. *Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.3d 758, 761 (5th Cir. 1996). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute as to material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Therefore, we will affirm a grant of summary judgment against any party who fails to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

When ruling on summary judgment motions, we credit the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson*, 477 U.S. at 255. However, the nonmoving party may not show a genuine issue for trial by mere "metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

III

Where an employer concedes that he made an employment decision based on an employee's disability, an employee must make three showings for a successful ADA claim: (1) that the employee is a

-3-

disabled person within the meaning of the ADA; (2) that he is qualified to perform the essential functions of his job, either with or without reasonable accommodation; and (3) that the employer discriminated against him because of his disability. *Rizzo*, 84 F.3d at 763. Winkle conceded that he was unable to perform the essential functions of the truck driver's job without accommodation, and the district court granted summary judgment because he presented insufficient evidence to show that he could perform the job with reasonable accommodation by White Swan.

White Swan produced evidence that the essential functions of a backhaul driver required the driver to lift, carry, and load cases weighing 23.5 pounds. Winkle does not dispute that his doctor restricted him from such work, but instead contends that (1) he could perform other jobs, such as a forklift driver, spotter, or full load driver on a route that would not require lifting; and (2) White Swan could accommodate him by employing a helper to ride in the truck with him to do any necessary lifting.

As to his first contention, Winkle states that there were other jobs available at White Swan that he could have performed; however, he failed to show that such jobs were available, the essential functions of those jobs, or that he could perform them. As the district court pointed out, such conclusions are insufficient where the plaintiff "offered nothing beyond his own subjective opinion that he could perform the other jobs." Order at

6 (*quoting White v. New York Int'l Corp.*, 45 F.3d 357, 362 & n.9 (10th Cir. 1995)). The ADA does not require White Swan to displace another worker to place Winkle in a job, *Milton v. Scriverner, Inc.*, 53 F.3d 1118, 1124-25 (10th Cir. 1995), nor to create a new job especially for him. *Kiess v. D&H Dist. Co.*, No. 93-6398, 1996 WL 384634 at *3 (D. Md. Jan. 5, 1995). Here Winkle has failed to produce more than conclusory allegations and assertions regarding his qualifications for and the availability of other jobs.

Winkle separately contends that White Swan failed to accommodate him by providing a helper to ride routes and perform lifting tasks. Winkle stated that he had once seen another driver with such a helper. The district court held that this evidence was insufficient to withstand summary judgment because Winkle failed to show that the helper was an accommodation for the other driver and because Winkle did not produce such evidence as the nature or duration of the helper's assignment. The court also held that such an accommodation "seems unreasonable."

We need not reach the reasonability of such an accommodation, because White Swan has no obligation to create new positions at the company to accommodate an injured worker. *Kiess*, 1996 WL 384634 at *3. Furthermore, Winkle failed to introduce enough evidence to show that the worker he saw was hired as an accommodation in the first place. This bare allegation without evidentiary support is insufficient to withstand summary judgment.

We hold that the district court did not err when it granted White Swan's motion for summary judgment. Accordingly, we AFFIRM.